IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 09-mj-1097 (D. Col.) |
| | ) Case No. 09-mj-1129 (D. Wyo.) |
| v. | ) Case No. 09-mj-1106 (W.D. Okla.) |
| EXXON MOBIL CORPORATION, | ) Case No. 09-mj-1117 (D. Kan.) |
| Defendant. | ) Case No. 09-mj-1109 (N.D. Tex.) |

PLEA AGREEMENT AND STATEMENT OF FACTS
RELEVANT TO SENTENCING

The United States of America (the government), by David M. Gaouette, Acting United States Attorney, through Robert S. Anderson, Senior Trial Attorney, Environmental Crimes Section, U.S. Department of Justice, and Michael P. Carey, Assistant United States Attorney for the District of Colorado, and the Defendant, Exxon Mobil Corporation (ExxonMobil or the Defendant), a corporation acting through its authorized representative, Randy J. Cleveland, and by counsel, Christopher W. Armstrong and Larry W. Lindeen, submit the following Plea Agreement, Joint Factual Statement (Attachment A), Corporate Authorizations (Attachment B), Environmental Compliance Plan (Attachment C) and, pursuant to D.C.COLO.LCrR 11.1. When in this Plea

Agreement reference is made to any act of the Defendant, such reference shall be deemed to mean any act of the officers, directors, employees and agents of said Defendant while acting within the course and scope of their employment or agency.

## I. PLEA AGREEMENT

1. The Defendant agrees to enter pleas of guilty in the District of Colorado to 5 single-count Informations, each alleging a single Class B misdemeanor violation of the Migratory Bird Treaty Act (hereinafter "MBTA"). One of the Informations was filed in the District of Colorado: four others were filed, respectively, in the District of Wyoming, the Western District of Oklahoma, the District of Kansas and the Northern District of Texas, and transferred for plea and sentence to the District of Colorado pursuant to Rule 20, F.R.Crim.P.

2. The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which provides, among other things, that the parties will make specific sentencing recommendations to the Court which, if not adopted by the Court, will allow the Defendant to withdraw its pleas of guilty.

3. <u>Sentencing Stipulations</u>: As set forth in Part V below, the Defendant will pay a total aggregate criminal fine of $400,000, community service payments totaling $200,000, the total mandatory special assessment of $250, and will be placed on probation for three years, during which it must implement an Environmental Compliance Plan ("ECP"),

which is Attachment C, hereto.

4. <u>Application of the Plea Agreement</u>. This Plea Agreement shall bind the Defendant, and Defendant shall insure that all subsidiaries technically managing and/or operating facilities to which the ECP is applicable comply with the attached ECP. During the term of probation, the Defendant shall provide the United States Probation Office for the District of Colorado with immediate notice of the following: any corporate name changes or any other change that would affect this Plea Agreement and/or the ECP. No change in name, business reorganization, merger, change of legal status, or similar action shall alter the Defendant's responsibilities under this Plea Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement.

5. <u>Statements</u>. This Plea Agreement does not limit the right of the Defendant or the government to advise the Court or speak at the time of sentencing or in connection with the pre-sentence investigation, consistent with the provisions set forth in this Plea Agreement and attached Joint Statement of Facts, and to provide the Court or the United States Probation Office with evidence of all relevant conduct and related information. The government will advise the Court regarding the nature and extent of the Defendant's cooperation in the prosecution and investigation of this matter. But for Defendant's significant cooperation in the government's investigation, including, the self-disclosure of certain violations, promises of continued cooperation, remedial and compliance measures

3

which have already begun, and the ECP, the government would have sought additional criminal counts of conviction, additional community service and a longer term of probation. The Defendant agrees that it will not make any public statements contrary to this Plea Agreement or the attachments hereto.

6. <u>Non-Prosecution of Additional Offenses</u>.  As part of this Plea Agreement and solely because of the promises and commitments made by the Defendant in this Plea Agreement, the government agrees to forgo additional criminal prosecution of the Defendant in the District of Colorado, District of Wyoming, Western District of Oklahoma, District of Kansas and Northern District of Texas for any other criminal environmental offenses involving the unlawful take of migratory birds which (a) occurred before the date of this Plea Agreement, (b) are known to the government at the time of the signing of this Plea Agreement, and (c) are not presently the subject of negotiation or litigation between the Defendant or its subsidiaries, agents or employees and the government.  The government further agrees to forego prosecution of the Defendant, during the period of probation, in the five districts cited herein, for any violation of the Migratory Bird Treaty Act related to the taking of migratory birds provided that, at the time of any such violation, the Defendant is in full compliance with the Court's conditions of probation, including but not limited to the ECP attached hereto or subsequently amended by the parties.  The Defendant understands and agrees that neither

4

this paragraph nor this Plea Agreement limits the prosecuting authority of any federal, state or local regulatory or prosecuting entity, other than the United States Attorneys Offices for the five districts cited herein, and the Environmental Crimes Section of the Environment and Natural Resources Division. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Plea Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any entity or individual not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

7. <u>Breach of the Plea Agreement</u>. If the government determines the Defendant has failed to comply with any provision of this Plea Agreement, the government may, at its sole option, be released from its commitments under this Plea Agreement in their entirety by notifying the Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Plea Agreement. The Defendant recognizes that no such breach by it of any obligation under this Plea Agreement shall give rise to

grounds for withdrawal of its guilty pleas. The Defendant understands that should any such breach of this Plea Agreement occur, the government will have the right to use against the Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by the Defendant to the government pursuant to this Plea Agreement, without any limitation. In this regard, the Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, preindictment delay, or the Speedy Trial Act for ninety (90) days following any breach of this Plea Agreement, except to the extent that such defenses existed as of the date of the signing of this Plea Agreement.

8. <u>Information For Probation Office</u>. The Defendant agrees that it will provide all information relevant to this plea agreement requested by the United States Probation Office.

9. <u>Withdrawal of Plea Agreement</u>. This Plea Agreement is tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the sentencing judge rejects this Plea Agreement, then the Defendant shall have the option of withdrawing from the Plea Agreement, pursuant to Rule 11(d), Fed.R.Crim.P.

10. <u>Corporate Authorization</u>. The Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself to the terms of the Environmental Compliance Plan (Attachment C). At the time of signing this Plea Agreement, the

Defendant shall provide to the United States a written statement in the form of notarized legal documents certifying the Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The legal documents submitted shall demonstrate that the corporation has authorized these actions, and that all corporate formalities for such authorizations have been observed. The pleas of guilty are to be entered by the Defendant through an agent and attorney-in-fact who has been authorized by a resolution of the Board of Directors of Exxon Mobil Corporation and a power of attorney (Attachment B) to enter the pleas of guilty in these cases and to appear and act for the Defendant at sentencing.

11. <u>Waiver of Appeal</u>. The Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give a Defendant the right to appeal other aspects of the convictions. In consideration of the Plea Agreement with the United States as set forth herein, the Defendant knowingly and voluntarily agrees to waive the following rights: (a) the right, conferred by 18 U.S.C. § 3742, to appeal any sentence imposed by the Court for the conviction of these offenses, including restitution and community service; (b) the right to appeal any aspect of the Defendant's convictions, including any pre-charge or pre-trial dispositions of motions or other issues; and (c) the right to bring any collateral attack against the Defendant's convictions or sentence, except as it may relate to the effectiveness of legal representation. This Plea Agreement, however, does not affect in

any way the right of the government to appeal the sentence imposed by the Court.

12. <u>The Charges</u>:

    A.    <u>District of Colorado: Case No._____</u>

<u>Count One</u>: On or about and between October 2004 and the date of the Information, in the State and District of Colorado, the Defendant did unlawfully take an indeterminate number of migratory birds, including at least 11 ducks and one white-faced Ibis, which died after contact with hydrocarbons contained in uncovered natural gas reserve pits operated by the Defendant or its agents in Rio Blanco County, in violation of Title 16, United States Code, Sections 703(a) and 707(a).

    B.    <u>District of Wyoming: Case No._____</u>

<u>Count One</u> : On or about and between July 2005 and the date of the Information, in the State and District of Wyoming, the Defendant did unlawfully take an indeterminate number of migratory birds, including at least 64 ducks, grebes, passerines and shorebirds which died after contact with hydrocarbons contained in a disposal facility and evaporation ponds operated by the Defendant or its agents in Sublette and Lincoln Counties, in violation of Title 16, United States Code, Sections 703(a) and 707(a).

    C.    <u>Western District of Oklahoma: Case No._____</u>

<u>Count One</u>: On or about and between October 17, 2005 and the date of the Information, the Defendant did unlawfully take a migratory bird (one hawk), which died after contact with hydrocarbons contained in an uncovered open-topped oil well tank

operated by the Defendant or its agents in Texas County, in violation of Title 16, United States Code, Sections 703(a) and 707(a).

  D. District of Kansas: Case No._____

Count One: On or about and between November 4, 2005 and the date of the Information, the Defendant did unlawfully take an indeterminate number of migratory birds, including at least seven birds of undetermined species and three owls, which died after contact with hydrocarbons contained in open-topped tanks and a closed tank operated by the Defendant or its agents in Kearney, Stevens and Morton counties, in violation of Title 16, United States Code, Sections 703(a) and 707(a).

  E. Northern District of Texas: Case No._____

Count One: On or about and between November 1, 2005 and the date of the Information, the Defendant did unlawfully take an indeterminate number of migratory birds, including one purple martin, which died after contact with hydrocarbons contained in an open-topped oil tank operated by the Defendant or its agents in Hansford County, in violation of Title 16, United States Code, Sections 703(a) and 707(a).

## II. STATUTORY PENALTIES

13. The maximum statutory penalty for each violation of 16 U.S.C. § 703(a) is a fine of $15,000 pursuant to 16 U.S.C. 707(a), or twice the gross gain or loss resulting from the unlawful conduct pursuant to 18 U.S.C. 3571(d); a term of probation of not more than 5 years pursuant to 18 U.S.C. 3561(c); and a special assessment fee of $50.00

9

pursuant to 18 U.S.C. 3013(a)(1)(B)(ii). In addition, the Court could impose additional conditions of probation to include the payment of restitution pursuant to 18 U.S.C. 3563(b), and a conviction could result in additional administrative sanctions such as suspension, debarment, listing to restrict rights and opportunities of the Defendant to contract with or receive benefits, loans, or assistance from agencies of the United States.

### III. ELEMENTS OF THE OFFENSES

14. The Defendant understands in order to prove its guilt, the United States would have to prove the following elements of the Migratory Bird Treaty Act violations alleged in Count 1 of each of the five Informations beyond a reasonable doubt:

15. <u>Count 1, Unlawful Take Of Migratory Birds:</u>

A. On or about the date(s), and within the state and district listed in each Information, the Defendant, through a person or entity acting on its behalf, did take (meaning, in this case, "wound" or "kill," pursuant to Title 50, Code of Federal Regulations, Section 10.12) a "migratory bird," as that term is defined in Title 50, Code of Federal Regulations, Section 10.12, and as listed in 50 Code of Federal Regulations, Section 10.13.

B. The taking was unlawful, in that neither the Defendant nor the person or entity acting on its behalf obtained a permit or other valid authorization to take (kill) the migratory bird(s) listed in the charge.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

16. The parties agree that there is no dispute as to the material elements which establish a factual basis of the offenses of conviction.

17. Pertinent facts are set out in the Joint Factual Statement (Attachment A, hereto) in order to provide a factual basis of the pleas and to provide facts which the parties believe are relevant to sentencing. To the extent that the parties disagree about facts relevant to sentencing, the Joint Factual Statement identifies those facts that are known to be in dispute. In determining the factual basis for the pleas of guilty and whether to accept the Plea Agreement as to sentencing, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information.

## V. SENTENCING AGREEMENT

18. The parties acknowledge that, inasmuch as the violations to which the Defendant will plead guilty are Class B misdemeanors, the advisory sentencing guidelines do not apply in this case. (USSG §1B1.9.) The parties stipulate and agree, pursuant to Fed.R.Crim.P. 11(c)(1)(C), to recommend imposition of sentence as follows:

19. <u>Fines, Special Assessments and Community Service Payments</u>

    A. <u>District of Colorado</u>

    (1) The Defendant shall pay a fine of $80,000, directed to the North American Wetlands Conservation Fund for wetlands conservation work in

Colorado[1].

    (2) The Defendant shall pay a total mandatory assessment of $50 for the single count charged in the Information.

    (3) In furtherance of the sentencing principles provided under Title 18, United States Code, Section 3553(a), the Defendant shall make a Community Service payment of $40,000 to the Pauline S. Schnegas Foundation, a non-profit wildlife rehabilitation concern in Silt, Colorado, that has been directly involved in collecting, caring for, and rehabilitating migratory birds injured or killed on the Defendant's Rio Blanco County (Piceance Basin) facilities, which are at issue in Count One of the Information filed in this District.

  B. <u>District of Wyoming</u>

    (1) The Defendant shall pay a fine of $80,000, directed to the North American Wetlands Conservation Fund for wetlands conservation work in Wyoming.

---

[1] The North American Wetlands Conservation Act authorizes the use of fines from the Migratory Bird Treaty Act to be deposited into the North American Wetlands Conservation Fund (16 U.S.C. § 4406(b)): "The sums received under section 707 of this title (MBTA) as penalties or fines, or from forfeitures of property are authorized to be appropriated to the Department of the Interior for purposes of allocation under section 4407 of this title (NAWCA Allocations Section)."

(2)     The Defendant shall pay a total mandatory assessment of $50 for the single count charged in the Information.

(3)     In furtherance of the sentencing principles provided for under 18 U.S.C. Section 3553(a), the Defendant shall make a Community Service payment of $40,000 for the explicit goal of funding environmental projects and initiatives designed for the benefit, preservation, and restoration of waterfowl habitat in the District of Wyoming. Accordingly, the $40,000.00 should be paid to the National Fish and Wildlife Foundation ("NFWF"),2 and the monies shall be used for the preservation, restoration, and general protection of migratory waterfowl habitat in the

---

2 The NFWF is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1),(2). The NFWF is empowered to "do any and all acts necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." 16 U.S.C. § 3703(c)(1),(7).

13

District of Wyoming.

    C.    <u>Western District of Oklahoma</u>

    (1)    The Defendant shall pay a fine of $80,000, directed to the North American Wetlands Conservation Fund for wetlands conservation work in Oklahoma.

    (2)    The Defendant shall pay a total mandatory assessment of $50 for the single count charged in the Information.

    (3)    In furtherance of the sentencing principles provided for under 18 U.S.C. Section 3553(a), the Defendant shall make a Community Service payment of $40,000 for the explicit goal of funding environmental projects and initiatives designed for the benefit, preservation, and restoration of waterfowl habitat in the Western District of Oklahoma. Accordingly, the $40,000.00 should be paid to the NFWF, and the monies shall be used for the preservation, restoration, and general protection of migratory waterfowl habitat in the Western District of Oklahoma.

    D.    <u>District of Kansas</u>

    (1)    The Defendant shall pay a fine of $80,000, directed to the North American Wetlands Conservation Fund for wetlands conservation work in Kansas.

    (2)    The Defendant shall pay a total mandatory assessment of $50 for the single count charged in the Information.

(3)     In furtherance of the sentencing principles provided for under 18 U.S.C. Section 3553(a), the Defendant shall make a Community Service payment of $40,000 for the explicit goal of funding environmental projects and initiatives designed for the benefit, preservation, and restoration of waterfowl habitat in the District of Kansas. Accordingly, the $40,000.00 should be paid to the NFWF, and the monies shall be used for the preservation, restoration, and general protection of migratory waterfowl habitat in the District of Kansas.

  E. <u>Northern District of Texas</u>

(1)     The Defendant shall pay a fine of $80,000, directed to the North American Wetlands Conservation Fund for wetlands conservation work in Texas.

(2)     The Defendant shall pay a total mandatory assessment of $50 for the single count charged in the Information.

(3)     In furtherance of the sentencing principles provided for under 18 U.S.C. Section 3553(a), the Defendant shall make a Community Service payment of $40,000 for the explicit goal of funding environmental projects and initiatives designed for the benefit, preservation, and restoration of waterfowl habitat in the Northern District of Texas. Accordingly, the $40,000.00 should be paid to the NFWF, and the monies shall be used for the preservation, restoration, and general protection of migratory waterfowl habitat in the Northern District of Texas.

20. Because the community service payments are designated as community

service by an organization, the Defendant further agrees that it will not seek any reduction in its tax obligations as a result of these community service payments. In addition, since these payments constitute community service, the Defendant will not characterize, publicize or refer to these community service payments as voluntary donations or contributions.

21. The Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, the monetary penalty to be imposed, including the special assessments, fines, and community service payment shall be paid on the day of sentencing. Payment is to be made in the form of a check payable to "United States District Court Clerk" except that the community service payments shall be directed as set forth in paragraph 19. At sentencing and upon payment in full of all monetary amounts set forth herein, the defendant may move to be relieved of any requirement to provide regular financial reports to the Office of Probation. The United States agrees to take no position regarding any such motion.

22. The parties agree that the Defendant should be placed on organizational probation for a period of three (3) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1). In addition to the standard conditions, the terms of probation shall be:

    A. <u>No Further Violations</u>. The Defendant agrees that it shall commit no further criminal violations of federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities.

B. <u>Environmental Compliance Plan</u>. The Defendant agrees to fund and implement the Environmental Compliance Plan ("ECP") (Attachment C) during the period of probation. The purpose of the ECP is to minimize and prevent future migratory bird mortalities on facilities to which the ECP is applicable in the five Districts covered by this Agreement.

23. <u>District of Colorado Supervision</u>. The parties agree that probationary supervision for sentencing in all five cases should be conducted by and from the United States District Court for the District of Colorado. The parties further agree that proceedings related to any alleged violation of probation conditions imposed by this Court shall be brought before the United States District Court for the District of Colorado.

## VI. THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

24. The parties believe the stipulated sentence resulting from this proposed Plea Agreement is appropriate because all relevant conduct is disclosed, all pertinent sentencing factors with respect to this Defendant are accounted for, and the charges to which the Defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

25. This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this Plea Agreement, neither the government nor the Defendant have relied, or are relying, on any terms, promises, conditions or

assurances not expressly stated in this Plea Agreement.

26. This Plea Agreement is the complete and only agreement between the parties. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement. This Plea Agreement supersedes prior understandings, whether written or oral. This Plea Agreement cannot be modified other than in a written memorandum signed by the parties or on the record in court.

AGREED TO AND ACCEPTED,

JOHN C. CRUDEN
ACTING ASSISTANT ATTORNEY
GENERAL
ENVR. & NAT. RESOURCES DIV.
U.S. DEPARTMENT OF JUSTICE

Date: 14 MAY 2009   BY: _____
ROBERT S. ANDERSON
SENIOR TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION

DAVID M. GAOUETTE,
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

Date: 5-29-09   BY: _____
MICHAEL P. CAREY
ASSISTANT U.S. ATTORNEY

18

KELLY RANKIN
UNITED STATES ATTORNEY
DISTRICT OF WYOMING

Date: 5-20-09        BY: _____
                         DAVID KUBICHEK
                         ASSISTANT U.S. ATTORNEY

JOHN C. RICHTER
UNITED STATES ATTORNEY
WESTERN DISTRICT OF OKLAHOMA

Date: 5-22-09        BY: _____
                         KERRY KELLY
                         ASSISTANT U.S. ATTORNEY

MARIETTA PARKER
ACTING UNITED STATES ATTORNEY
DISTRICT OF KANSAS

Date: 5-21-09        BY: _____
                         MATTHEW T. TREASTER
                         ASSISTANT U.S. ATTORNEY

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY
NORTHERN DISTRICT OF TEXAS

Date: 5-27-09        BY: _____
                         CHRISTY DRAKE
                         ASSISTANT U.S. ATTORNEY

As an authorized representative of the defendant, Exxon Mobil Corporation, I have read this Plea Agreement and every part of it has been carefully reviewed with responsible management and officers of Exxon Mobil Corporation and Exxon Mobil Corporation's criminal defense counsel. We understand the terms of this Plea Agreement and Exxon Mobil Corporation voluntarily agrees to those terms. Exxon Mobil Corporation's attorneys have advised us of Exxon Mobil Corporation's rights, of possible defenses, and of the consequences of entering into this Plea Agreement. No promises or inducements have been made to Exxon Mobil Corporation other than those contained in this Plea Agreement. No one has threatened or forced Exxon Mobil Corporation in any way to enter into this Plea Agreement. Finally, Exxon Mobil Corporation is satisfied with the representation of its attorneys in this matter.

Date: 5\12\09      BY: _____
                        Randy V. Cleveland
                        U.S. Production Manager
                        ExxonMobil Production Company,
                        A division of Exxon Mobil Corporation


We are Exxon Mobil Corporation's attorneys. We have carefully discussed every part of this Plea Agreement with the authorized representatives of Exxon Mobil Corporation. Further, we have fully advised the authorized representatives of Exxon Mobil Corporation of the corporation's rights, of possible defenses, and of the consequences of entering into this Plea Agreement. To our knowledge, the decision of Exxon Mobil Corporation to enter into this Plea Agreement is an informed and voluntary one.

Date: 5/12/09      BY: _____
                        Christopher W. Armstrong, COUNSEL FOR
                        Exxon Mobil Corporation

Date: 5/12/09      BY: _____
                        Larry W. Lindeen,
                        Neal & Harwell, PLC
                        COUNSEL FOR
                        Exxon Mobil Corporation